P. H. McDaniel v. The State.

1. It was error to overrule a motion for a new trial, when the evidence showed that the accused, convicted of horse stealing, took his neighbor's horse publicly, in the street of a town, leaving word that he had done so, and manifesting an intention to return him after riding him a few miles. The facts repel a felonious intent, and under such proof the conviction cannot be sustained by presumptions of law or fact.

Appeal from Bell. Tried below before the Hon. A. J. Evans.
The opinion of the court discloses as much of the evidence as is necessary.

*McFarland, Saunders & Lowry,* for the appellant, argued the case at length, citing Herber v. The State, 7 Texas, 71.

*E. B. Turner,* Attorney General, for the State.

WALKER, J.—The errors insisted on are that the district judge did not charge *all* the law applicable to the case, and that the statement of facts is furnished by the judge, and is not full enough to set forth the evidence correctly, and does not; that the counsel had the whole term to furnish a statement of facts, and that the judge should have waited on their so doing, in order to adjourn his court.

The business of the term does not appear to have required the judge to keep his court open the whole of the two weeks allowed by law, and the counsel not furnishing a statement of facts, the court did, certifying to its correctness. The law was properly given to the jury by the court.

But the evidence is clearly insufficient to support a verdict for horse stealing, and the court think it incumbent upon us to declare that the law of Texas does not make a man guilty of horse stealing who publicly, in broad day light, from the streets of a populous town, takes his neighbor's horse, leaving notice that he has done so, and rides him a few miles, with the intention, fairly manifested, of returning the horse to its owner.

Men have some reason to presume upon the indulgence of a friend, if they do make free to use his property in a reasonable manner, without an intention to commit a felony. A man cannot commit a felony of this kind without intending to do so; and it will not do to force presumptions of law or fact, to the prejudice of life or liberty. The only error of the court below was in refusing the motion for a new trial. The judgment of the district court is reversed and the cause dismissed.

Reversed and dismissed.